**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES OWENS,** | ) | |
| No.  K83253, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00999-MJR** |
| | ) | |
| **WARDEN STEPHEN DUNCAN,** | ) | |
| **C/O CHRISTIAN,** | ) | |
| **C/O BROOKS,** | ) | |
| **LT. TAYLOR, and** | ) | |
| **ASST. WARDEN TREADWAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff James Owens is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., the Rehabilitation Act, 29 U.S.C. § 701, *et seq*., Plaintiff, who has a medical permit to use a cane, brings suit regarding a prison policy that forbids him from carrying his legal papers in a bag, even though Plaintiff must use one of his hands to hold his cane.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers

---

[1]Plaintiff's motion for a temporary restraining order (Doc. 2) was denied by separate order (Doc. 7).

to a claim that any reasonable person would find meritless.  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

<u>**The Complaint**</u>

As already noted, Plaintiff James Owens has a medical permit to use a cane.  According to the complaint, Plaintiff has multiple cases pending in the federal courts.  As a result, he has four "excess boxes" of legal papers and has to shuttle papers between the law library (where he gains access to the papers in his excess boxes) and his cell.  After his law library sessions, he must go directly to the dining hall for lunch, necessitating that he bring his legal papers to the dining hall.  Plaintiff had been using a bag to carry his papers, so that he could use one hand to hold his cane, and the other hand to carry his food tray.  In June 2015 Warden Duncan published a new rule forbidding inmates from using bags to carry their legal materials to and from the law library.  The complaint describes two relevant incidents and describes Plaintiff's failed attempts to secure an accommodation.

Plaintiff sent several "kites" (informal requests) to Assistant Warden Treadway, who is the ADA coordinator at Lawrence.  Treadway did not respond.  On July 7, 2015, Plaintiff's papers were confiscated in the dining hall by C/O Christian because Plaintiff was carrying them in a bag in violation of the new policy.[2]  Plaintiff submitted an "emergency" grievance to

---

[2] The complaint does not appear to take issue with the "confiscation" and any such intended claim should be considered dismissed without prejudice.

Warden Stephen Duncan, but the grievance was denied.  Warden Duncan explained that he would not make an exception for Plaintiff's situation.  Plaintiff then sent his grievance to the Administrative Review Board (which handles the appeal of a grievance), and to ADA coordinator, Assistant Warden Treadway.   The appeal was denied, and Treadway never responded to Plaintiff.

On September 4, 2015, Plaintiff was carrying a six-inch thick folder of legal papers as he entered the dining area.  C/O Brooks told him he could not leave his papers on the table in the dining hall while he got his food tray.  Plaintiff went over to Warden Duncan and Lt. Taylor, who were nearby, and explained that he could not carry both his tray and his papers.  C/O Brooks suggested Plaintiff place the cane over his wrist—ignoring that Plaintiff needed the cane to walk.  Lt. Taylor told Plaintiff to just deal with the situation.  Warden Duncan listened but said nothing.  Another inmate then volunteered to carry Plaintiff's tray.  Lt. Taylor subsequently opined that all of the papers in Plaintiff's folder were not legal papers.  Taylor then proceeded to pore over the documents, some of which were correspondence between Plaintiff and his attorney.[3]

Plaintiff contends the ADA and Rehabilitation Act have been violated.  He also contends he is being denied equal access to the law library, in that he cannot carry as many papers as other inmates, thus hindering his ability to prosecute his pending cases.  He further asserts that prison officials are conspiring against him and retaliating for the grievances and lawsuits Plaintiff has filed.  Plaintiff also characterizes the way he has been treated as "cruel and unusual punishment."

Nominal, compensatory and punitive damages are sought, as well as injunctive relief.  More specifically, Plaintiff wants some accommodation so he can carry his legal papers from the

---

[3] The complaint is not construed as asserting a claim based on the attorney-client privilege.  Any such intended claim should be considered dismissed without prejudice under the *Twombly* pleading standard.

law library to the dining hall and then to his cell.  It is also implied that he wants the alleged retaliation to cease.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Defendants, individually or in conspiracy, have violated Plaintiff's rights under the ADA and Rehabilitation Act by denying him an accommodation so he can use his cane *and* carry his legal papers;**

> **Count 2:** **Defendants, individually or in conspiracy, have denied Plaintiff equal access to the law library and his legal materials, in violation of the Constitution;**

> **Count 3:** **Defendants, individually or in conspiracy, have retaliated against Plaintiff for filing grievances and lawsuits, in violation of the First Amendment; and**

> **Count 4:** **Defendants, individually or in conspiracy, have imposed cruel and unusual punishment upon Plaintiff, in violation of the Eighth Amendment.**

## Discussion

The complaint, as drafted, fails to state a single colorable claim and must, therefore, be dismissed.

### Conspiracy

As a preliminary matter, the complaint does not adequately plead a conspiracy among the five defendants, Warden Duncan, C/O Christian, C/O Brooks, Lt. Taylor and Assistant Warden Treadway.

Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review.  *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting

*Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).    "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011).  "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives."  *Id*. at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).  The fact that all five defendants were involved in enforcing the same rule, alone, does not establish a conspiracy.  There is no suggestion that the no-bag rule was aimed solely at Plaintiff, or that the defendants had a meeting of the minds to single Plaintiff out.  All conspiracy allegations, therefore, fail.

### Count 1

> To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability."  *Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132).    The Rehabilitation Act claim is functionally identical: it requires the plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.,* 684 F.3d 667, 672 (7th Cir. 2012).   For the Rehabilitation Act to apply, the relevant state agency (here the corrections department) must accept federal funds, which all states do.  *Id.* at 671 ("[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons") (citations omitted).

*Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

 At this juncture, the Court will assume Plaintiff Owens qualifies as a person with a disability.   Nevertheless, Count 1 fails because, as pleaded, the complaint makes clear that Plaintiff was not denied access to, or the benefits of, any service, program or activity.  Plaintiff had full access to the law library (and his excess boxes) and the dining hall.   Although not being

able to use a bag to carry papers meant that Plaintiff could not carry as many papers as another inmate might be able to carry, that did not deny or severely limit his access or the benefits of the law library.  (*See Love v. Westville Correctional Center*, 103 F.3d 558, 560 (7th Cir. 1996) (cited in *Wagoner*).   Similarly, having to rely upon another inmate to carry his papers so he could carry his food tray does not deny Plaintiff access to, or the benefits of the dining hall.

The Court recognizes that Plaintiff was inconvenienced by the no-bag policy, but mere inconvenience is not enough to state an ADA or Rehabilitation Act claim.   *See*, e.g., *Wagoner*, 778 F.3d at 592-93 (allegations regarding an inadequate wheelchair backrest and denial of access to a wheelchair-ready van were deemed a "poor fit" for ADA and Rehabilitation Act claims because the wheelchair-related issues did not result in the plaintiff being denied access to any services or programs).

Count 1 will be dismissed without prejudice.

## **<u>Count 2</u>**

Count 2 is premised upon the allegation that Plaintiff has been denied "equal access" to the law library and his legal materials because, without a bag, he cannot carry as many documents as someone who can freely use both hands to carry things.  Plaintiff appears to be melding First Amendment "access to courts" and Fourteenth "equal protection" principles.   In any event, no colorable claim has been pleaded.

Merely not being able to carry as many documents back to his cell at one time does not, by itself, deny Plaintiff the ability to pursue his legal cases.  Put succinctly, Plaintiff can make multiple trips to the law library; and he has not suggested any actual prejudice, only inconvenience.  He can also still get a food tray by getting assistance—an "accommodation" the complaint illustrates is available to him.

Relative to the Fourteenth Amendment's guarantee to the equal protection of the laws, although the Equal Protection Clause "prohibits the singling out of a person for different treatment for no rational reason" (*Swanson v. Chetek,* 719 F.3d 780, 783 (7th Cir. 2013)), the complaint does not portray Plaintiff as being singled out.  Rather, a prison-wide policy is at play. For these reasons, Count 2 will be dismissed without prejudice.

## Count 3

Count 3 alleges that the defendants retaliated against Plaintiff for filing grievances and lawsuits, in violation of the First Amendment.  To state a retaliation claim, an inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s).   *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).   The plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).  An inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice.  *Higgs*, 286 F.3d at 439.

Although Plaintiff's grievances and lawsuits are protected activities, the inability to use a bag—instead having to carry fewer things loose—would not deter a reasonable person from their protected activities.   Plaintiff does not even suggest he was deterred; rather, he was inconvenienced.  Count 3, therefore, will be dismissed without prejudice.

**Count 4**

Count 4 frames the no-bag policy as amounting to "cruel and unusual punishment," in violation of the Eighth Amendment.  Again, the complaint reflects mere inconvenience, not punishment.  Plaintiff was not punished in any way, shape or form.  Furthermore, not being permitted to carry one's papers in a bag, and having to find another way to carry those papers into the dining area—by, for example, asking for assistance from another inmate—cannot reasonably be characterized as "cruel and unusual" punishment.   "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Count 4, as pleaded fails to state a colorable constitutional claim and will be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) and Defendants **WARDEN STEPHEN DUNCAN, C/O CHRISTIAN, C/O BROOKS, LT. TAYLOR and ASSISTANT WARDEN TREADWAY**, are all **DISMISSED without prejudice**, as no colorable legal claims have been stated.  Accordingly, Plaintiff's motion for a preliminary injunction (Doc. 2) is **DENIED without prejudice**.  Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be addressed by separate order.

**IT IS FURTHER ORDERED** that, on or before **November 27, 2015**, Plaintiff shall file an amended complaint.  Any amended complaint will undergo preliminary review consistent with 28 U.S.C. § 1915A.  Failure to file an amended complaint will result in the dismissal of this action with prejudice and a "strike" will be assessed against Plaintiff for purposes of 28 U.S.C. § 1915(g).  The filing fee must be paid, regardless of the dismissal of this action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 28, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**